```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

BELLA BUILDERS, INC.,

                    Plaintiff,

vs.                                  Case No.   2:08-cv-144-FtM-29DNF

JOSEPH    MINGHENELLI,    VIRGINIA
MINGHENELLI, TROPHY BUILDERS, INC.,
ROLAND V. STOUT, MAYA DRAFTING &
DESIGN, INC.,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendants Joseph and Virginia Minghenelli's Motion to Dismiss Count II of the Complaint (Doc. #13) filed on April 7, 2008.  On June 16, 2008, the Court directed plaintiff to file a response to defendants' Motion to Dismiss within ten days.  No response has been received and thus the Court will rule on the motion without the benefit of a response.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Additionally, dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Complaint (Doc. #1) alleges the following relevant facts: Plaintiff is the owner of a certificate of registration for an architectural design known as the "Champaign Model." (Doc. #1, p.

2.) On April 5, 2005 defendants Joseph and Virginia Minghenelli (defendants) met with plaintiff to discuss building a new home on a vacant lot in Lee County, Florida. (Id. at pp. 2-3.) Between April 5, 2005 and August 17, 2006, plaintiff provided defendants with copies of drawings, sketches and plans for the "Champaign Model" home. Subsequently, defendants solicited and employed architect Roland V. Stoud and the architectural firm of Maya Drafting & Design Company to create drawings, sketches and architectural plans based on the Champaign Model home. (Doc. #1, p. 4.)

Plaintiffs filed the instant three count Complaint (Doc. #1) alleging copyright infringement (Count I), conversion of intellectual property (Count II) and unfair competition (Count III).

### III.

Section 301 of the Copyright Act provides in relevant part that:

> [o]n January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium or expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). The "intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State

that are equivalent in copyright and that extend to works coming within the scope of the Federal copyright law." <u>Dunlap v. G&L Holding Group, Inc.</u>, 381 F.3d 1285, 1296 (11th Cir. 2004)(internal citations omitted). In order to determine whether a state cause of action is preempted, the Court must determine whether: (1) the rights at issue fall within the "subject matter of copyright" set forth in sections 102 and 103; and (2) the rights at issue are equivalent to the exclusive rights of section 106. <u>Dunlap</u>, 381 F.3d at 1294; <u>see also</u> <u>Crow v. Wainwright</u>, 720 F.2d 1224, 1225-26 (11th Cir. 1983).

This case relates to the architectural plans which plaintiff alleges that it owns and defendants copied. Therefore, the first part of the preemption analysis is satisfied because architectural plans and architectural works fixed in a tangible medium of expression are within the "subject matter of copyright." <u>See</u> 17 U.S.C. § 102(a).

As to the second prong of the preemption analysis, the owner of a copyright has the exclusive right to: (1) reproduce the copyrighted work; and (2) prepare derivative works[1] based upon the

---

[1] 17 U.S.C. § 101 provides in relevant part:

A 'derivative work' is a work based upon one or more preexisting works, such as a . . . condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work.'

-4-

copyrighted work.  See 17 U.S.C. § 106.  Plaintiff alleges that defendants deprived it of its property rights by hiring an architectural firm to create substantially similar designs to the Champaign Model.  These creations are "derivative works" and thus pursuant to 17 U.S.C. § 106(2), only the plaintiff has the right to utilize them.  Therefore, the Court finds that the rights at issue in Count Two are equivalent to the exclusive rights of section 106.  Finding that both prongs of the preemption test have been met, Count Two of the Complaint is dismissed.

Accordingly, it is now:

**ORDERED**:

Defendant's Joseph Minghenelli and Virginia Minghenelli Motion to Dismiss Count II of the Complaint (Doc. #13) is **GRANTED** and Count Two of the Complaint (Doc. #1) is **dismissed.**

**DONE AND ORDERED** at Fort Myers, Florida, this  14th  day of October, 2008.

---
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record